**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **Benjamin Coleman, through his** | ) | |
| **Conservator Robert Bunn, Esq.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:13-cv-01457** |
| | ) | **Assigned: Judge Emmet Sullivan** |
| | ) | |
| **The District of Columbia,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| _____ | ) | |

**THE DISTRICT OF COLUMBIA'S MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION OR, IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM**

Defendant, the District of Columbia ("District"), by its undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), moves the Court to dismiss this complaint because the Court lacks jurisdiction to adjudicate this matter as Plaintiff's claims are barred by the principle of comity, the *Rooker-Feldman* doctrine, and *res judicata*.  Alternatively, the District submits that the Complaint should be dismissed for failure to state a claim because Plaintiff can prove no set of facts to establish an unlawful taking of his property under any constitutional theory.

WHEREFORE, the District of Columbia prays that this Court grant its motion and dismiss this case for lack of subject matter jurisdiction.  Alternatively, the District requests this Court to dismiss Plaintiff's claims *with prejudice* because he cannot prove any set of facts to establish a Fifth Amendment taking has occurred.

Dated:  October 18, 2013                    Respectfully submitted,


                                            IRVIN B. NATHAN
                                            Attorney General
                                            for the District of Columbia

                                            SUSAN LONGSTREET
                                            Deputy Attorney General, Commercial Division

                                            _____/s/_____
                                            WILLIAM D. BURK, D.C. Bar # 464349
                                            Section Chief, Land Acquisition and Bankruptcy Section

                                            _____/s/_____
                                            EDWARD P. HENNEBERRY, D.C. Bar # 456202
                                            Assistant Attorney General
                                            441 Fourth Street, N.W., Suite 1010 S
                                            Washington, D.C. 20001
                                            (202) 442-9773
                                            (202) 741-0648 (fax)
                                            Email: Edward.Henneberry@dc.gov
                                            *Counsel for the District of Columbia*

                                            _____/s/_____
                                            ANDREW C. EBERLE, D.C. Bar # 1011542
                                            Assistant Attorney General
                                            441 Fourth Street, N.W., Suite 1010 S
                                            Washington, D.C. 20001
                                            (202) 442-9779
                                            (202) 741-8571 (fax)
                                            Email: Andrew.Eberle@dc.gov
                                            *Counsel for the District of Columbia*

## CERTIFICATE OF SERVICE

I hereby certify that on **October 18, 2013**, a copy of the foregoing Motion to Dismiss and Memorandum of Authorities in Support of the Motion to Dismiss was served on the following counsel of record via electronic case filing:

> William A. Isaacson (D.C. Bar #323014)
> Boise, Schiller & Flexner, LLP
> 5301 Wisconsin Avenue, NW
> Washington, D.C. 20015
> *Counsel for Plaintiff*

_____/s/_____
Edward P. Henneberry

## CERTIFICATE OF DUTY TO CONFER; LOCAL RULE 7(m)

Counsel for the District of Columbia hereby certifies that he has no duty to confer with opposing counsel under Local Rule 7(m) because the District is filing a dispositive motion.

_____/s/_____
Edward P. Henneberry

## SERVICE OF PROPOSED ORDER; LOCAL RULE 7(c)

I hereby certify that on **October 18, 2013**, a copy of a Proposed Order was served on Judge Emmet Sullivan via electronic case filing.

_____/s/_____
Edward P. Henneberry

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Benjamin Coleman, through his Conservator Robert Bunn, Esq., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| The District of Columbia, | ) ) ) |
| Defendant. | ) ) ) |
| _____ | ) |

Civil Action No. 1:13-cv-01457
Assigned: Judge Emmet Sullivan

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE DISTRICT OF COLUMBIA'S MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION OR, IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM**

## I.    INTRODUCTION

If the allegations in Benjamin Coleman Jr.'s ("Mr. Coleman") complaint are true, the loss of his home is an unfortunate occurrence that should not have happened.  However, Mr. Coleman's conservator and counsel have not attempted to remedy his injury through the D.C. Superior Court procedures available to them.  Instead, Mr. Coleman has filed this complaint, in a court without subject-matter jurisdiction, with claims that are barred by comity, the *Rooker-Feldman* doctrine, and *res judicata*.[1]  Further, Mr. Coleman's claims are without merit even if they could be brought in this Court.  Mr. Coleman's complaint challenging the constitutionality

_____

[1] Mr. Coleman's Complaint consists of three counts which all involve the alleged wrongful foreclosure and taking of his property: (1) *Count I*—a Section 1983 Claim for Damages for Violations of the Fifth Amendment of the U.S. Constitution; (2) *Count II*—Claim for Just Compensation Under the Fifth Amendment of the U.S. Constitution; and (3) *Count III*—Declaratory Relief Pursuant to 28 U.S.C. § 2201.  *See* Compl. at ¶¶ 70-90.

of the District's tax sale statute should be dismissed to allow Mr. Coleman to file a motion to

vacate the default judgment in D.C. Superior Court.

As a general principle, the "orderly administration of justice and comity between courts

are served by requiring the applicant to seek relief in the court that rendered the judgment."

*Threatt v. Winston*, 907 A.2d 780, 784 (D.C. 2006) (quoting Restatement (Second) of Judgments,

ch. 5, intro. Note, cmt. a (1982)).  Mr. Coleman's complaint alleges that he was *non compos*

*mentis* at the time the D.C. Superior Court foreclosed his right of redemption in Case No. 2008

CA 1572 L(RP), *Embassy Tax Services, LLC, v. Coleman, Jr., Bennie Raymond* (the "Tax Sale

Suit).[2]  Complaint at ¶ 62.  The D.C. Superior Court granted a motion for default judgment on

June 15, 2010 ("2010 Foreclosure Judgment").  Exhibit A[3], page 4.  D.C. Super. Ct. R. Civ. P.

55(b)(2) provides that "no judgment by default shall be entered against an infant or incompetent

person unless represented in the action by a general guardian, committee, conservator, or other

such representative who has appeared therein."  If Mr. Coleman was incompetent at the time of

judgment, the judgment is voidable.  *Mitchell v. Gales*, 61 A.3d 678, 685 (D.C. 2013).  "[T]he

merits of voidable judgments 'can be corrected only by a direct review and not by bringing

another action upon the same cause.'"  *Id.* (citing *Baltimore S.S. Co. v. Phillips,* 274 U.S. 316,

325 (1927)).  Mr. Coleman's conservator and counsel must seek to vacate the judgment in the

Tax Sale Suit; they cannot attack it by filing a new lawsuit in federal court.

A motion to vacate a default judgment and set aside a tax deed due to the property

owner's incompetence is not foreign to the D.C. Superior Court and its tax sale calendar.  *See*

---

[2] If Mr. Coleman was competent at the time of the judgment foreclosing his right of redemption, his claims would be barred by the statute of limitations.  D.C. Code § 12-302.  Whether Mr. Coleman's claims are barred by the statute of limitations is not at issue for the purposes of this motion to dismiss.

[3] The exhibits attached to this motion are all "public records subject to judicial notice on a motion to dismiss." *Kaempe v. Myers,* 367 F.3d 958, 965 (D.C. Cir. 2004).

Exhibit B, *Capitol Tax Servs. v. Blackburn*, 2007 CA 1291 L(RP) (D.C. Superior Court,

September 16, 2009) ("Indeed, if it is shown that Ms. Blackburn lacked mental capacity to

participate in the case affecting her property rights, sound public policy and justice, as well,

requires vacatur of the default judgment.").  In *Blackburn*, the court granted default judgment on

November, 27, 2007, and a tax deed was issued on March 17, 2008.  On August 15, 2008, Ms.

Blackburn filed a motion to vacate the default judgment and set aside the tax deed based on her

alleged incompetence at the time of judgment.  On May 26, 2009, the court issued an order

holding in abeyance the motion to vacate, until a hearing could be held on Ms. Blackburn's

competence.  *Capitol Tax Servs. v. Blackburn*, 2009 D.C. Super. LEXIS 7 (D.C. Superior Court,

May 26, 2009).  The case was subsequently settled and the property was returned to Ms.

Blackburn's conservator.  Exhibit C.  There is nothing preventing Mr. Coleman's conservator or

counsel from seeking to vacate the default judgment against Mr. Coleman pursuant to D.C.

Super. Ct. R. Civ. P. 60(b).  Although Mr. Coleman's property has been conveyed to a third

party, the deed indicates that the title is insured.  Exhibit D.

 Mr. Coleman's theory that a loss of equity due to a tax sale can constitute a Fifth

Amendment taking has been rejected by the U.S. Supreme Court.  If the tax sale does not

constitute a taking, Mr. Coleman's § 1983 damages claim, his claim for just compensation, and

his claim for declaratory relief are not valid claims.  Even if the tax sale constituted a taking, Mr.

Coleman cannot bring his claims in a federal court.  Mr. Coleman's claims are barred from

federal court because they constitute a challenge to the validity of District's tax system.

 Additionally, even if Mr. Coleman had a valid claim for just compensation, Mr. Coleman

could not bring Count II in federal court because he has not sought and been denied just

compensation in the D.C. Superior Court.  All of Mr. Coleman's claims are barred by the

*Rooker-Feldman* doctrine because all of his claims challenge the validity of the D.C. Superior

Court's 2010 Foreclosure Judgment.  Finally, all of Mr. Coleman's claims are barred by the

doctrine of *res judicata*.  Under D.C. law, a subsequent action is barred by *res judicata* if claims

which could have been raised have been adjudicated finally against the same party.  In this case,

all of Mr. Coleman's claims could have been raised in the Tax Sale Suit and were adjudicated

finally by the 2010 Foreclosure Judgment.

## II.   **LEGAL STANDARD**

### A.  Dismissal Under Fed. R. Civ. P. 12(b)(1).

Federal courts are courts of limited jurisdiction and therefore it is presumed that "a cause

lies outside of the [the court's] limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*,

511 U.S. 375, 377 (1994).  Because subject-matter jurisdiction focuses on the court's power to

hear a plaintiff's claim, a Rule 12(b)(1) motion to dismiss ". . . imposes on a court an affirmative

obligation to ensure that it is acting within the scope of its jurisdictional authority."  *Thomas*

*Nelson Ha v. U.S. Dept. of Educ.*, 680 F. Supp. 2d 45, 46 (D.D.C. 2010) (citing *Grand Lodge*

*Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001)).  A court may

"consider materials outside the pleadings in deciding whether to grant a motion to dismiss for

lack of subject matter jurisdiction."  *Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402

F.3d 1249, 1253 (D.C. Cir. 2005).  "At the motion to dismiss stage, counseled complaints, as

well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible

inferences favorable to the pleader on allegations of fact."  *Settles v. U.S. Parole Comm'n*, 429

F.3d 1098, 1106 (D.C. Cir. 2005).

It remains plaintiff's burden to prove subject matter jurisdiction by a preponderance of

the evidence.  *Am. Farm Bureau v. Envtl. Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).

"Although a court must accept as true all factual allegations contained in the complaint when

4

reviewing a motion to dismiss pursuant to Rule 12(b)(1), [a] plaintiff['s] factual allegations in the complaint . . . will bear closer scrutiny in resolving a Rule 12(b)(1) motion than in resolving a Rule 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (internal citations omitted).

### B.  Dismissal Under Fed. R. Civ. P. 12(b)(6).

In evaluating a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979).  But, the Court "need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Although the factual allegations need not be detailed, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Factual allegations, even though assumed to be true, must still "be enough to raise a right to relief above the speculative level." *Id*. at 545.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663 (citing *Twombly*, 550 U.S. at 556).  Simply alleging facts "'merely consistent' with a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

**III.**   **Federal Courts Lack Subject Matter Jurisdiction to Address Challenges to the Distict's Tax Sale Statute**

**A.  Count I (§ 1983 Damages) and Count III (Declaratory Relief Pursuant to 28 U.S.C. § 2201) are Barred by the Principle of Comity.**

The Federal Tax Injunction Act, 28 U.S.C. § 1341 (FTIA), the District of Columbia Tax Injunction Act, D.C. Code § 47–3307 ("DCTIA"), and by extension the related principle of comity, bar § 1983 damages claims and declaratory relief requests in federal court when they stem from challenges to the validity of the District's tax sale statute.  The Supreme Court has held that ". . . taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts. Such taxpayers must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete, and may ultimately seek review of the state decisions in this Court." *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 116, 102 (1981).  The Supreme Court also noted that federal courts "may not even render declaratory judgments as to the constitutionality of state tax laws." *Id.* at 103 (citing *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 63 (1943)).  Mr. Coleman's claims fall within this prohibition and he has a state remedy which is plain, adequate, and complete.

The Supreme Court has explained that "a state remedy must 'provid[e] the taxpayer with a "full hearing and judicial determination" at which she may raise any and all constitutional objections to the tax.'"  *Rosewell v. LaSalle Nat. Bank*, 450 U.S. 503, 515 (1981).  The D.C. Superior Court provides a full hearing in tax sale cases, in which all constitutional objections can be raised as defenses or cross claims against the District.  Mr. Coleman could have raised Fifth Amendment takings claims in the Tax Sale Suit.

The FTIA states that: "The district courts shall not enjoin, suspend or restrain the

assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The DCTIA likewise provides that: "No suit shall be filed to enjoin the assessment or collection by the District of Columbia or any of its officers, agents, or employees of any tax." D.C. Code § 47–3307.

This Court, in applying the FTIA, DCTIA, and principle of comity has held that there is no subject-matter jurisdiction to hear challenges to the District's tax sale statute. *Dist. Lock & Hardware, Inc. v. D.C.*, 808 F. Supp. 2d 36, 41 (D.D.C. 2011); *Miller v. D.C.*, 2007 WL 1748890 (D.D.C. June 18, 2007).

The court acknowledged in *Dist. Lock & Hardware, Inc.,* that "[t]he D.C. Circuit has not yet addressed whether the FTIA, let alone the related principle of comity, bars federal court challenges to District of Columbia taxes in the same manner that it bars federal court challenges to state taxes." 808 F. Supp 2d at 39. However, the court noted that "comity at a minimum bars damages actions that would otherwise be barred by the FTIA itself[,]" and that the principle of comity bars challenges to District of Columbia taxes in federal court because "the D.C. Circuit has generally 'treated the District of Columbia courts as state courts' pursuant to the very same principle of comity in the *Younger* abstention context." *Id.* at 40 (citing *JMM Corp. v. District of Columbia,* 378 F.3d 1117, 1124 (D.C. Cir. 2004)). Comity bars a challenge to the District's tax sale statute because "a tax sale . . . 'is a mode of tax collection'" and the FTIA bars challenges to the "collection" of taxes. *Id.* at 41 (quoting *Wright v. Pappas,* 256 F.3d 635, 637 (7th Cir. 2001). Moreover, "a challenge to the process of tax collection will always 'raise the specter of federal courts reducing the flow of money into state coffers.'" *Id.* (quoting *Luessenhop v. Clinton Cnty., New York*, 466 F.3d 259, 268 (2d Cir. 2006)). Mr. Coleman's claims raise the same specter. An injunction against the District's tax sale statute would stop the District from collecting the taxes

that are raised by the tax sale.

The vast majority of courts have determined that challenges to state tax sales statutes are barred in federal court by principles of comity and the FTIA.  *Wright v. Pappas,* 256 F.3d 635, 637 (7th Cir. 2001) ("A lien sale is a mode of tax collection; and so an action to enjoin it, or declare it illegal, or rescind it, or perhaps even just obtain damages on the ground of its illegality, would be barred by the Act or, in the case of the damages suit, by the free-standing principle of comity."); *Dixon v. Oisten,* 2002 WL 31008840 at *3-4 (E.D. Mich. 2002) ("[T]he language of the Tax Injunction Act and principles of comity bar plaintiff's lawsuit involving the tax sale of his properties and his attempts to regain them."), *aff'd,* 62 Fed. Appx. 105 (6th Cir. 2003) ("The district court also properly noted that Dixon's challenge to the tax foreclosure on his real property was barred by the Tax Injunction Act."); *Schulz v. Williamson,* No. 1:04-cv-1375 (N.D.N.Y. Dec. 14, 2004) (Kahn, J.), *aff'd,* 145 Fed. Appx. 704 (2d Cir. 2005); *U.S. v. Boyce,* 153 F.Supp.2d 1194, 1996 (S.D. Cal. 2001) (TIA bars challenge to state tax liens); *but cf. Luessenhop v. Clinton Cnty., New York*, 466 F.3d 259, 268 (2d Cir. 2006).

The Second Circuit in *Luessenhop* concluded that the FTIA does not bar a suit "challeng[ing] the adequacy of the notice provided" in a tax sale.  466 F.3d at 264.  However, this court in *Dist. Lock & Hardware, Inc.* persuasively explained the problems with the *Luessenhop* court's reasoning on the FTIA:

> The decision in *Luessenhop* neglects the text of the FTIA; moreover, a challenge to the process of tax collection will always raise the specter of federal courts reducing the flow of money into state coffers.  The FTIA plainly bars challenges to state tax "collection," and *Luessenhop* never addresses why a challenge to the adequacy of notice in a tax sale is not a challenge to "collection." Rather, the Second Circuit merely relies on the Congressional purpose of the FTIA. Moreover, even granting *Luessenhop* its premise that jurisdiction hinges on whether an action seeks to empty state coffers, a damages action plainly seeks money from state coffers. Although *Luessenhop* makes much of the fact that

> plaintiffs there did not "dispute the assessments or amounts owed," those
> plaintiffs still sought damages that effectively would offset the taxes recovered.

*Dist. Lock & Hardware, Inc. v. D.C.*, 808 F. Supp. 2d 36, 42 (D.D.C. 2011) (internal citations

omitted).  Mr. Coleman's suit challenges the District's collection of taxes.  Accordingly, this

Court should find his claims barred by comity, the FTIA, and the DCTIA.

### B.  Mr. Coleman's Count II Claim for Just Compensation is Not Ripe.

Count II of Mr. Coleman's complaint asserts a claim for just compensation.  Complaint at

¶ 81.  Mr. Coleman cannot bring such a claim because it is premature.  In *Williamson Cnty. Reg'l*

*Planning Comm'n v. Hamilton Bank of Johnson City*, the Supreme Court held that "if a State

provides an adequate procedure for seeking just compensation, the property owner cannot claim

a violation of the Just Compensation Clause until it has used the procedure and been denied just

compensation."  473 U.S. 172, 195 (1985).  In *Williamson*, the property owner could have

brought an inverse condemnation action for just compensation under Tennessee law.  *Id.* at 196.

The Court explained that because the property owner "has not shown that the inverse

condemnation procedure is unavailable or inadequate, and until it has utilized that procedure, its

taking claim is premature."  *Id.* 196-197.

Landowners can bring an inverse condemnation action in the District of Columbia.

*Potomac Dev. Corp. v. D.C.*, 28 A.3d 531, 550 (D.C. 2011) (explaining that in the District of

Columbia, "inverse condemnation cases applied Fifth Amendment principles in deciding

whether a taking has occurred and what compensation is just.").  As Mr. Coleman has not

pursued an inverse condemnation claim in state court and had his just compensation claim

denied, Court II of his complaint is premature and must be dismissed.

**IV.**    **The *Rooker-Feldman* Doctrine and *Res Judicata* Bar Mr. Coleman's Claims**

    **A.  The Court Lacks Subject-Matter Jurisdiction Over Mr. Coleman's Claims Under the *Rooker-Feldman* Doctrine.**

In bringing this federal action, Mr. Coleman asks this Court to review a judicial decision of the D.C. Superior Court, and to adjudicate claims that are a direct result of the 2010 Foreclosure Judgment. Mr. Coleman's complaint falls squarely within the ambit of the *Rooker-Feldman* doctrine because it is the "functional equivalent of an appeal" from the 2010 Foreclosure Judgment. *See Gray v. Poole,* 275 F.3d 1113, 1119 (D.C. Cir. 2002); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1980).

"'The *Rooker–Feldman* doctrine prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court' because they are without jurisdiction to do so." *Magritz v. Ozaukee Cnty.*, 894 F. Supp. 2d 34, 38 (D.D.C. 2012) (quoting *Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002)); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005) ("The *Rooker–Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

 "[E]ven a constitutional claim pled as a general attack may be so 'inextricably intertwined' with a state court decision that 'the district court is in essence being called upon to review the state-court decision.'" *Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 75 (D.C. Cir. 1997) (quoting *Feldman*, 460 U.S. at 483-84 n. 16). The doctrine stems in part from the recognition that "a decision by a state court, however erroneous, is not itself a violation of the Constitution actionable in federal court." *Homola v. McNamara*, 59 F.3d 647, 650 (7th Cir.

1995).

"In assessing the applicability of the *Rooker-Feldman* doctrine in a particular case, 'the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment.'" *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 555 (7th Cir. 1999) (quoting *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996)). In *Long*, the Seventh Circuit explained that the "pivotal inquiry is whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim." *Id.* (citing *Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 510 (7th Cir. 1996)). Federal courts have specifically addressed Fifth Amendment takings claims in the context of tax sale statutes, as alleged by Mr. Coleman, and found them to be barred by the *Rooker-Feldman* doctrine.

In *Magritz v. Ozaukee Cnty.*, the plaintiff challenged a judgment of foreclosure on his land for his failure to pay real property taxes. 894 F. Supp. 2d 34, 35 (D.D.C. 2012). The plaintiff in *Magritz*, as in the instant matter, alleged that his "property was taken for 'public use without just compensation[.]'" *Id.* at 39. This Court held that the claim was "barred by the *Rooker–Feldman* doctrine because it challenges the validity of the 2001 Judgment of Foreclosure." *Id.* Mr. Coleman's claims that his property was taken without just compensation are the same type of challenge to the validity of the D.C. Superior Court's 2010 Foreclosure Judgment against his property.

When faced with challenges to tax sale judgments, federal courts of appeals have held that such challenges are barred by the *Rooker-Feldman* doctrine. *Campbell v. City of Spencer*, 682 F.3d 1278, 1284-85 (10th Cir. 2012); *Ritter v. Ross*, 992 F.2d 750, 754-55 (7th Cir. 1993). In *Campbell*, the property owner tried to challenge a tax sale statute by alleging that the tax

foreclosure constituted a Fifth Amendment taking by depriving her of her property without due process or just compensation.  682 F.3d 1278 at 1284.  The Tenth Circuit explained that this claim was barred by *Rooker-Feldman* because "the deprivation of property that was allegedly without just compensation or due process was the deprivation ordered by the state court. Thus, this claim has merit only if the state-court forfeiture order was unlawful on the record before that court." *Campbell v. City of Spencer*, 682 F.3d 1278, 1284 (10th Cir. 2012).

*Ritter v. Ross* addressed the same constitutional claims brought by Mr. Coleman.  992 F.2d at 753.  In *Ritter*, plaintiffs, having lost their property to a tax lien foreclosure judgment, alleged that the county government violated § 1983 by taking property without just compensation in violation of the Fifth Amendment.  *Id.*  The Seventh Circuit explained that their complaint was seeking to have a federal district court provide appellate review of a state judicial proceeding because "but for the tax lien foreclosure judgment in Rock County Circuit Court they would have no complaint; they would still have their land and would have suffered no injury." *Id.* at 754.  Accordingly, the plaintiffs' claims were "inextricably intertwined with the merits of that proceeding" and barred by the *Rooker-Feldman* doctrine.  *Id.* at 755.

The only cases where federal courts have declined to find that challenges to tax sale statutes are barred by the *Rooker-Feldman* doctrine are cases where the property owner had an independent claim, which could not have been raised in the state court proceeding.  *See, e.g., In re Murphy*, 331 B.R. 107, 132 (Bankr. S.D.N.Y. 2005) (holding that a "claim asserted under the Bankruptcy Code is completely independent from the issues in the forfeiture proceeding and could not have been asserted until debtor filed for bankruptcy protection.").  Unlike claims in bankruptcy court, Mr. Coleman's claims here are not independent from the issues in the Tax Sale Suit.

In the instant matter, Mr. Coleman's claims can only succeed if this Court determines that the D.C. Superior Court's 2010 Foreclosure Judgment was unlawful.  As alleged in the Complaint, all of Mr. Coleman's injuries derive directly from the 2010 Foreclosure Judgment. There is no doubt that but for the entry of final judgment in the Tax Sale Suit, Mr. Coleman would have no grievance.  Plaintiff would still own and be in possession of his former property. The Court should reject Mr. Coleman's invitation to undo the D.C. Superior Court's 2010 Foreclosure Judgment.

**B.  The Court Lacks Subject-Matter Jurisdiction Over Mr. Coleman's Claims Under the Doctrine of *Res Judicata*.**

Even if Mr. Coleman's claims were not precluded by the *Rooker-Feldman* doctrine, they would be barred by *res judicata*.  The doctrine of *res judicata* operates to bar claims and matters which could have been raised in an earlier action but were not:

> [T]he doctrine of *res judicata* provides that when a final judgment has been entered on the merits of a case, "[i]t is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."

*Nevada v. United States*, 463 U.S. 110, 129-30 (1983) (quoting *Cromwell v. County of Sac*, 94 U.S. 351, 352-53 (1876) (holding that a judgment "estops not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented.").

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, a state court judgment is entitled to "the same respect that it would receive in the courts of the rendering State." *Herrion v. Children's Hosp. Nat. Med. Ctr.*, 448 F. App'x 71, 72 (D.C. Cir. 2011) (citing *Matsushita Elec. Indus. Co. v. Epstein,* 516 U.S. 367, 373 (1996).  That rule extends to judgments of the District

of Columbia courts.  *Id.* (citing *Stanton v. D.C. Court of Appeals,* 127 F.3d 72, 77 (D.C. Cir.

1997)).  Accordingly, the D.C. Circuit has held that federal courts "apply D.C. law in

determining the preclusive effect of the Superior Court judgment."  *Id.*  Under D.C. law, whether

a subsequent action is barred by *res judicata* depends on "(1) whether the claim was adjudicated

finally in the first action; (2) whether the present claim is the same as the claim which was raised

or which might have been raised in the prior proceeding; and (3) whether the party against whom

the plea is asserted was a party or in privity with a party in the prior case." *Calomiris v.*

*Calomiris,* 3 A.3d 1186, 1190 (D.C. 2010).  An examination of the prior Tax Sale Suit indicates

that the claims are barred by *res judicata*.

### i.  Mr. Coleman's Claims Were Adjudicated Finally in the D.C. Superior Court Tax Sale Suit.

On June 15, 2010, the Superior Court rendered a final judgment on the merits relating to

the tax sale purchaser's Motion for Entry of Default Judgment and Judgment on the Pleadings

which is now binding and conclusive.[4]  *See Croley v. Winberg, et al.*, 1995 U.S. Dist. Lexis

5850, *6 (D.D.C. 1995) ("Under District of Columbia law, a default judgment is entitled to

preclusive effect as much as a judgment on the merits.") (citing *Thomas v. Marvins Credit, Inc.*,

76 A.2d 773, 776 (D.C. 1950)); *Arthur v. District of Columbia*, 857 A.2d 473, 483-84 (D.C.

2004) ("An entry of default is simply an interlocutory order, whereas a default judgment 'is a

final judgment on the merits that terminates the litigation and decides the dispute.'").  The 2010

Foreclosure Judgment must be considered to be a final adjudication of Mr. Coleman's claims.

### ii.  Mr. Coleman's Claims Could Have Been Raised in the D.C. Superior Court Tax Sale Suit.

---

[4] A default judgment becomes "final" when the clerk of the court enters it on the docket.  *See* Sup. Ct. R. Civ. P. 58 (2006) (providing that a civil judgment is effective only when it is formally entered on the docket).

A "claim" or "cause of action," for purposes of *res judicata*, comprises "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Smith v. Jenkins*, 562 A.2d 610, 613 (D.C. 1989) (quoting *Restatement (Second) of Judgments* § 24 (1)). The doctrine of *res judicata* "operates to bar in the second action not only claims which were actually raised in the first, but also those arising out of the same transaction which could have been raised." *Patton v. Klein,* 746 A.2d 866, 870 (D.C. 1999).

It is indisputable that the facts comprising the current and prior claims are so interwoven that they constitute a single claim. *See Pittston*, 199 F.3d at 704 (in determining whether claims constitute a single claim for purposes of *res judicata*, courts look at ". . . their relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes."). Moreover, Mr. Coleman had the right to assert that the tax foreclosure of his property would constitute a violation of the Fifth Amendment and required just compensation as a defense or a cross claim against the District in the Tax Sale Suit. In the D.C. Superior Court, tax sale foreclosure cases are filed as civil actions and are governed by the D.C. Superior Court Rules of Civil Procedure. D.C. Code § 47–1370.

Although Mr. Coleman attempts to cast the defenses and counterclaims he could have raised in the Tax Sale Suit under the guise of new legal claims, asserting alleged violations of his constitutional rights, they all arise out of the foreclosure of his property. In the end, but for the tax sale foreclosure of his property, Mr. Coleman would have no grievance. Accordingly, these claims all could have been raised in the Tax Sale Suit.

### iii.  Mr. Coleman Was a Party in the Prior Case.

For *res judicata* to apply to a subsequent action, the first action must have been actually litigated by the parties or their privies. *See, e.g., Smalls v. United States,* 471 U.S. 186, 192

(D.C. Cir. 2006); *Smith v. Jenkins*, 562 A.2d 610, 614 (D.C. App. 1989) ("in addition to the identity of claims, there must generally be some identity of the parties for claim preclusion to apply.").

An examination of the identity and status of Mr. Coleman in this case reveals that he is a direct party to both actions.  In the Tax Sale Suit, Mr. Coleman was a named defendant to the action brought by the tax sale purchaser.  *See* Complaint at ¶ 33.  As a result, all of Mr. Coleman's interests herein are substantially, if not completely, identical as his interests as a defendant in asserting defenses and claims in the original Tax Sale Suit.

## V.     Mr. Coleman's Complaint Fails to State a Claim Because the District's Tax Sale Statute Does Not Constitute an Unconstitutional Taking

Mr. Coleman has failed to state a claim because retaining a taxpayer's surplus or equity as the result of a tax sale is not a Fifth Amendment taking.  *Nelson v. City of New York*, 352 U.S. 103, 109 (1956).  In *Nelson*, the taxpayers alleged that they had suffered a taking without just compensation because New York City retained property and proceeds "far exceeding in value the amounts due."  *Id*.  The Court noted that there had been no timely action to redeem and that New York City had retained one property and the entire proceeds of the other property's sale. The Court rejected the taxpayers' takings claim, holding that "nothing in the Federal Constitution prevents this where the record shows adequate steps were taken to notify the owners of the charges due and the foreclosure proceedings."  *Id.* at 110.[5]

New York City retained the taxpayers' equity for itself, but there is no constitutional prohibition against allowing a private tax sale purchaser to retain the equity.  *Balthazar v. Mari Ltd.*, 301 F. Supp. 103, 106 (N.D. Ill. 1969) *aff'd*, 396 U.S. 114 (1969).  *Balthazar* involved an

---

[5] In so holding, the Supreme Court also noted that the New York City tax sale statute was a harsh statute, resulting in the loss of properties assessed at $6,000 and $46,000 for unpaid taxes in the amount of $65 and $814.50, respectively.  *Nelson v. City of New York*, 352 U.S. 103, 105-06, 110 (1956).

Illinois tax sale statute that is identical to the District's in all material respects.  In Illinois, as in

the District, delinquent real estate tax liens are sold to the public at auction; the tax buyer obtains

a certificate of purchase then files a petition in Illinois Circuit Court, and if the property owner

fails to redeem the tax buyer receives a tax deed.  *Id.* at 104.[6]

The three-judge district court in *Balthazar* rejected constitutional challenges to Illinois's

tax lien statute, explaining that:

> the Illinois tax delinquency statutes allow all real estate owners to recover the
> surplus value of their land. During the two year period of redemption, the owners
> can simply sell the property to a private purchaser subject to the tax certificate.
> The Illinois legislation is constitutional since delinquent landowners, including
> the plaintiffs, are adequately notified of their tax deficiencies and of an [sic] tax
> sale or foreclosure.

*Id.* at 106.  Pursuant to *Balthazar*, the District's tax sale statute is constitutional because it

provides property owners with the opportunity to recover the surplus value of their land.  A tax

certificate for Mr. Coleman's unpaid taxes was sold on July 12, 2007.  A default judgment

foreclosing Mr. Coleman's right of redemption was entered on June 16, 2010.  Therefore, Mr.

Coleman had a redemption period of two years, 11 months, and four days.  Mr. Coleman did not

lose his equity because of the District's tax sale statute; he lost his equity because he indicated

his desire to redeem his property and then stopped appearing for court hearings.

At a more basic level, the court in *Balthazar* rejected the property owners'

characterization of the loss of property under a tax sale statute as a taking for which just

compensation is required.  *Id.* at n.6.  The court explained that:

---

[6] Illinois's tax sale statute at the time of *Balthazar* differed from the District's statute in two immaterial ways: first, the bidder is chosen based on who bids the lowest penalty interest rather than the greatest surplus; second, the Illinois redemption period is set at two years from the date of sale, whereas the District allows the right of redemption to continue until a judgment foreclosing the right of redemption becomes final.  *See Balthazar v. Mari Ltd.*, 301 F. Supp. 103, 104 (N.D. Ill. 1969) (citing 1967 Ill.Rev.Stat. Ch. 120); D.C. Code § 47-1370 (d).

> Relying upon Supreme Court condemnation cases, plaintiffs also maintain that they were deprived of 'just compensation' for their property.  These cases are inapplicable. Rather than taking private property for a public purpose, Illinois is here collecting taxes which are admittedly overdue.

*Id.*  Mr. Coleman's assertion that he has suffered a Fifth Amendment taking fails as a matter of law.  It is undisputed that the District was collecting taxes which were overdue.

The court in *Balthazar* noted the harshness of the statute, explaining that "the Illinois system severely penalizes all real estate owners who fail to redeem. The total forfeiture seems extremely harsh when overdue taxes amount to only two or three percent of the property's value. But oppressive statutes must be tempered by the legislature, not the courts."  *Id.* (citing *Nelson v. New York City*, 352 U.S. 103, 110-111 (1956).

Moreover, *Balthazar* was decided by a three-judge panel pursuant to 28 U.S.C. 2284, and was directly appealed to the Supreme Court and summarily affirmed.  301 F. Supp. at 104, *aff'd*, 396 U.S. 114 (1969).  The summary affirmance by the Supreme Court is binding "on the precise issues presented and necessarily decided by those actions."  *Mandel v. Bradley*, 432 U.S. 173, 176, (1977).  Summary actions "should not be understood as breaking new ground but as applying principles established by prior decisions to the particular facts involved."  *Id.*  The Supreme Court's summary affirmance of the judgment in *Balthazar* necessarily decided the constitutional question of whether all of a homeowner's equity could be transferred to a third-party tax sale purchaser.  The three-judge panel's judgment in *Balthazar* applied the principles of the Supreme Court's *Nelson* decision to a case where all of the property owners' equity was transferred to a private tax sale purchaser.  Accordingly, the Supreme Court's summary affirmance makes *Balthazar* binding precedent on those facts, which are the same as the facts alleged by Mr. Coleman.

This Court has also previously rejected attempts by property owners to assert a Fifth

Amendment takings claim when their property was lost due to a tax sale because a tax sale is pursuant to the state's taxing powers.  In *Speed v. Mills*, the court found that the property owner had failed to state a takings claim because "[t]he sale took place pursuant to the District's taxing power, not its power of eminent domain, its regulatory power, or any other power enabling it to take or encumber private property for a public purpose."  919 F. Supp. 2d 122, 129 (D.D.C. 2013) (citing *Indus. Bank of Washington v. Sheve,* 307 F.Supp. 98, 99 (D.D.C. 1969) ("[a] tax sale is not a government taking for which just compensation must be paid under the Constitution after judicial proceedings")).

Other federal courts have rejected attempts to claim that the forfeiture of equity constitutes an illegal taking.  In *Reinmiller v. Marion Cnty., Oregon*, the court rejected a challenge to a tax lien statute where the county retained "excess proceeds" derived from the property tax lien foreclosure sale of real property.  2006 WL 2987707 (D. Or. Oct. 16, 2006). The court explained that:

> Courts construing state tax laws have generally found no constitutional violations in the excess proceeds provisions.  This court declines Reinmiller's invitation to overturn settled Oregon tax law. As courts have stated in response to similar challenges to disbursement of excess proceeds based on state law after foreclosure sales, the appropriate forum to raise these concerns is the state legislature.

*Id.*

Federal and state courts have consistently rejected Fifth Amendment takings claims and just compensation claims relating to tax sale statutes because those claims do not apply to a state's taxing power.[7]  Moreover, other courts have also specifically rejected these claims when

---

[7] *Golden v. Mercer Cty. Tax Claim Bureau (In re Golden),* 190 B.R. 52, 57 (W.D.Penn.Bankr.1995) ( "In a tax sale context, the takings clause is not dispositive nor the appropriate basis for starting an inquiry."); *Dommel Properties, LLC v. Jonestown Bank & Trust Co.*, 2013 WL 1149265 (M.D. Pa. Mar. 19, 2013) ("A tax sale, however, is not a taking for a public purpose pursuant to a state's power of eminent domain, but is instead an exercise of the state's taxing power."); *Epice Corp. v. Land Reutilization Auth. of City of St. Louis*, 4:07 CV 00206 HEA, 2010 WL 3270114 (E.D. Mo. Aug. 17, 2010) *aff'd sub nom.*, 416 F. App'x 595 (8th Cir. 2011) ("Plaintiff is attempting to characterize the foreclosure of a tax lien as an eminent domain proceeding through its Fifth Amendment challenge.

raised in regard to the retention of excess proceeds.[8]  The only cases in which courts have

required a taxing entity to return the surplus from a foreclosure sale to the taxpayer are those

where either the state constitution or the tax statutes create such an interest.  *See Ritter v. Ross*,

207 Wis. 2d 476, 485 (Ct. App. 1996) (citing *Spurgias v. Morrissette,* 109 N.H. 275, 249 A.2d

685, 687 (1969).  New Hampshire has interpreted its state constitution's takings clause as

prohibiting the retention of excess proceeds.  *See Thomas Tool Servs., Inc. v. Town of Croydon*,

145 N.H. 218, 221 (2000) (acknowledging that "[m]ost courts holding that no taking occurs do

so under the Fifth Amendment of the United States Constitution, and their opinions are not

controlling on this court").  Vermont's Supreme Court has also held that a taxing authority may

not keep any surplus on other state law grounds.  *Bogie v. Town of Barnet*, 129 Vt. 46, 270 A.2d

898 (1970).  These exceptions are irrelevant in this case.  The District has no state constitution

and the District's tax sale statute allows for the retention of all of the equity.

## VI.    **CONCLUSION**

Mr. Coleman's complaint should be dismissed for lack of subject-matter jurisdiction.  As

explained above, his claims are barred by the principle of comity, the *Rooker-Feldman* doctrine,

and *res judicata*.  Mr. Coleman has also failed to state a claim as his constitutional challenges to

the District's tax sale statute have been explicitly rejected by the Supreme Court.  Mr. Coleman's

---

Plaintiff has presented no authority in this Circuit or any other circuit for this position. The Court's own research has been unavailing as to any authority in this Circuit which would establish that Plaintiff is entitled to bring this claim."); *Richardson v. Brunner*, 356 S.W.2d 252, 254 (Ky. 1962) ("The third ground of attack is based upon the premise that a sale of land for delinquent taxes constitutes a taking for a public purpose. This premise obviously is fallacious. The sale is nothing more than a step in the foreclosure of a lien imposed under the taxing power."); *In re Murphy*, 331 B.R. 107, 128 (Bankr. S.D.N.Y. 2005); *Sol–G Const. Corp. v. United States,* 231 Ct.Cl. 846 (1982); *Sears v. Cottrell*, 5 Mich. 251, 256 (1858).

[8] *Ritter v. Ross*, 207 Wis. 2d 476, 486, 558 N.W.2d 909, 912 (Ct. App. 1996)("when a state's constitution and tax codes are silent as to the distribution of excess proceeds received in a tax sale, the municipality may constitutionally retain them as long as notice of the action meets due process requirements."); *City of Auburn v. Mandarelli*, 320 A.2d 22, 32 (Me. 1974)("In the absence of contrary provision by statute or constitution, a municipality's title to property acquired under the tax-lien-mortgage-foreclosure statute is absolute, and the city or town has no power to part with, nor duty to account for, any surplus value on any theory of 'equity and good conscience.'").

counsel and conservator should abandon their barred and rejected claims, and attempt to remedy

Mr. Coleman's unfortunate situation through the remedies that are available to them in D.C.

Superior Court.

Dated:  October 18, 2013                    Respectfully submitted,


                                            IRVIN B. NATHAN
                                            Attorney General
                                            for the District of Columbia

                                            SUSAN LONGSTREET
                                            Deputy Attorney General, Commercial Division

                                            _____/s/_____
                                            WILLIAM D. BURK, D.C. Bar # 464349
                                            Section Chief, Land Acquisition and Bankruptcy Section


                                            _____/s/_____
                                            EDWARD P. HENNEBERRY, D.C. Bar # 456202
                                            Assistant Attorney General
                                            441 Fourth Street, N.W., Suite 1010 S
                                            Washington, D.C.  20001
                                            (202) 442-9773
                                            (202) 741-0648 (fax)
                                            Email: Edward.Henneberry@dc.gov
                                            *Counsel for the District of Columbia*

                                            _____/s/_____
                                            ANDREW C. EBERLE, D.C. Bar # 1011542
                                            Assistant Attorney General
                                            441 Fourth Street, N.W., Suite 1010 S
                                            Washington, D.C.  20001
                                            (202) 442-9779
                                            (202) 741-8571 (fax)
                                            Email: Andrew.Eberle@dc.gov
                                            *Counsel for the District of Columbia*


                                            22

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Benjamin Coleman, through his<br>Conservator Robert Bunn, Esq., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:13-cv-01457 |
| | ) | Assigned: Judge Emmet Sullivan |
| | ) | |
| The District of Columbia, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM**

Upon consideration of the District of Columbia's Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, for Failure To State A Claim ("Motion"), and Plaintiff's Opposition thereto, it is this _____ day of _____,

ORDERED, that the Court grants the District's Motion under Fed. R. Civ. P. 12(b)(1) finding that it does not have jurisdiction over this proceeding, and Plaintiff's claims under the Takings Clause of the Fifth Amendment, for Just Compensation, and declaratory relief are hereby DISMISSED WITH PREJUDICE.

AND IT IS FURTHER ORDERED, that Plaintiff's claims require dismissal pursuant to Fed. R. Civ. P. 12(b)(6) because he has not pleaded factual allegations which demonstrate that a Fifth Amendment taking has occurred.  Accordingly, Plaintiff's claims under the Takings Clause of the Fifth Amendment, for Just Compensation, and declaratory relief are hereby DISMISSED WITH PREJUDICE.


_____
The Honorable Emmet Sullivan


Copies to:


William A. Isaacson
Boise, Schiller & Flexner, LLP
5301 Wisconsin Avenue, NW
Washington, D.C. 20015
*Counsel for Plaintiff*

William D. Burk
Edward P. Henneberry
Andrew C. Eberle
Office of the Attorney General for the District of Columbia
441 4th Street, NW, Suite, 1010 South
Washington, D.C. 20001
*Counsel for Defendant District of Columbia*

# Exhibit A

D.C. Courts
Home

## Court Cases Online

[Click here to view search criteria](#)

Case Search for:  2008 CA 1572

Search retrieved 1 case in less than a second.

[Click here to view search results](#)

Selected 1 cases to view

Viewing single case; Details retrieved in less than a second.

[Click here to view case summary](#)

---

| 2008 CA 001572 L(RP): EMBASSY TAX SERVICES, LLC Vs. COLEMAN JR., BENNIE RAYMOND, et al. | |
|---|---|
| Case Type: Title 47 | File Date: 02/28/2008 |
| Status: Closed | Status Date: 02/28/2008 |
| Disposition: Judgment-Summary Judgment | Disposition Date: 06/15/2010 |

---

| Party Name | Party Alias(es) | Party Type | Attorney(s) |
|---|---|---|---|
| EMBASSY TAX SERVICES, LLC | | PLAINTIFF | AUTHEMENT, KAREN M<br>KENNY, HEIDI S |
| COLEMAN JR., BENNIE RAYMOND | | Defendant | |
| DISTRICT OF COLUMBIA | | Defendant | AMATO, Mr RICHARD<br>WILSON Sr, Mr R M |
| THE LEGAL AID SOCIETY OF THE DISTRICT OF COLUMBIA | | Amicus Curia (Friend Of The Court) | |
| ALL UNKNOWN OWNERS OF PROPERTY | | Unknown Heirs | |
| SQUARE 5136, LOT 0013 | | Square/Lot | |

---

| Docket Date | Description | Messages |
|---|---|---|
| 10/27/2011 | Additional eFiling Document to | Proof of Service to Order Witdrawing Plaintiff's Petitions for Writs of Possesion Entered on the Docket submitted 10/27/2011 09:29. ms. Signed by Judge Duncan-Peters on October 26, 2011. |
| 10/27/2011 | Order Sua Sponte to/for: Entered on Docket | Order Witdrawing Plaintiff's Petitions for Writs of Possesion Entered on the Docket submitted 10/27/2011 09:29. ms. Signed by Judge Duncan-Peters on October 26, 2011. |
| 10/27/2011 | Event Resulted: | Event Resulted:<br>The following event: Motion Hearing scheduled for 11/30/2011 at 2:30 pm has been resulted as follows:<br><br>Result: Motion Hearing Vacated<br>Judge: DUNCAN-PETERS, STEPHANIE Location: To Be Announced |
| 10/27/2011 | Order Sua Sponte to/for: Entered on Docket | Order Withdrawing Writ of Possession and Cancelling Hearing Entered on Docket 10/27/11. Signed by Judge Duncan-Peters 10/26/11. E-filed, e-served and mailed 10/27/11. lm |
| 10/24/2011 | Praecipe to Withdraw Filed | Praecipe Withdrawing Plaintiff's Petitions ofr Writs of Possession Pursuant to D.C. Code 47-1383 as Moot Filed. submitted 10/24/2011 10:47. TDS<br>Attorney: AUTHEMENT, KAREN M (496294) |
| 10/20/2011 | Additional eFiling Document to | Proof of service to NOTICE to Parties. Signed by Judge Duncan-Peters 10/20/2011. Submitted 10/20/2011 12:35. cms. |
| 10/20/2011 | Order Sua Sponte to/for: Entered on Docket | NOTICE to Parties. Signed by Judge Duncan-Peters 10/20/2011. Submitted 10/20/2011 12:35. cms. |
| 10/17/2011 | Miscellaneous Docket | Notice to Parties Docket 10/17/11. Signed by Judge Duncan-Peters 10/17/11. E-filed, e-served and mailed 10/17/11. lm |
| 10/07/2011 | Event Scheduled | Event Scheduled<br>Event: Motion Hearing<br>Date: 11/30/2011 Time: 2:30 pm<br>Judge: DUNCAN-PETERS, STEPHANIE Location: To Be Announced |
| 10/07/2011 | Event Resulted: | Event Resulted:<br>The following event: Status Hearing scheduled for 09/30/2011 at 3:00 pm has been resulted as follows:<br><br>Result: Event Cancelled<br>Judge: DUNCAN-PETERS, STEPHANIE Location: To Be Announced |

| Docket Date | Description | Messages |
|---|---|---|
| 10/07/2011 | Order Sua Sponte to/for: Entered on Docket | Order Denying as Moot Motion To Direct Issuance of Writ of Possession Entered on the Docket. Order signed by Judge Duncan-Peters on October 7, 2011. Order docketed, efiled, eserved, and mailed on October 7, 2011.<br><br>ORDERED, that Rimelon DC, LLC's Post-Judgment Motion to Direct Issuance of Writ of Possession is DENIED AS MOOT. It is<br><br>FURTHER ORDERED, that this matter is set for a motion hearing before the undersigned judge on November 30, 2011 at 2:30 p.m. in Courtroom 200.<br><br><br>THE IMAGE OF THIS ORDER IS IN CASE NUMBER 2008 CA 529 |
| 08/23/2011 | Event Scheduled | Event Scheduled<br>Event: Status Hearing<br>Date: 09/30/2011 Time: 3:00 pm<br>Judge: DUNCAN-PETERS, STEPHANIE Location: To Be Announced |
| 08/23/2011 | Event Resulted: | Event Resulted:<br>The following event: Status Hearing scheduled for 08/26/2011 at 3:00 pm has been resulted as follows:<br><br>Result: Status Hearing Continued<br>Judge: DUNCAN-PETERS, STEPHANIE Location: To Be Announced |
| 08/23/2011 | Order Sua Sponte to/for: Entered on Docket | Order continuing control status date signed by Judge Duncan-Peters on August 23, 2011. Order docketed, e-filed, e-served, and sent by interoffice mail on August 23, 2011.<br><br>ORDERED, that the control status date set for August 26, 2011 at 3:00 p.m. is CONTINUED to September 30, 2011 at 3:00 p.m.<br><br><br>THE IMAGE FOR THIS ORDER IS AVAILABLE IN CASE NUMBER 2008 CA 529 |
| 08/04/2011 | Returned Mail: | Returned Status Hearing notice issued on: July 28, 2011<br>Mailed to: Bennie Raymond Coleman Jr Address: 221 44th Street NE Washington, DC 20019<br>Returned to Court on: August 3 2011<br>Reason: Return to sender Wrong Address |
| 07/27/2011 | Event Scheduled | Event Scheduled<br>Event: Status Hearing<br>Date: 08/26/2011 Time: 3:00 pm<br>Judge: DUNCAN-PETERS, STEPHANIE Location: To Be Announced |
| 07/27/2011 | Notice of Hearing Mailed Next Business Day | Notice of Hearing Mailed Next Business Day<br><br>Notice Of Hearing<br>Sent on: 07/27/2011 16:55:49.27 |
| 07/27/2011 | Order Sua Sponte to/for: Entered on Docket | ORDERED that the control status date set for July 29, 2011 at 3:00 p.m. is CONTINUED to August 26, 2011 at 3:00 p.m. SO ORDERED this 27th day July, 2011 by the Honorable Stephanie Duncan-Peters, entered on the docket, efiled, eserved and or mailed. rm |
| 06/27/2011 | Returned Mail: | Notice for Status Hearing entered on:<br>Mailed to: Lot 0013, Square 5136 Address: 221 44th Street NE, WDC 20019<br>Returned to Court on: 6/27/2011<br>Reason: Return to Sender |
| 06/27/2011 | Returned Mail: | RETURNED: NOTICE for Status Hearing<br>issued on: 6/17/2011<br>Mailed to: All Unknowno Owners of Property<br>Address: 221 44th Street NE WDC 20019<br>Returned to Court on: 6/27/2011<br>Reason: Not Deliverable as Addressed, Unable to Forward |
| 06/27/2011 | Returned Mail: | Notice to Bring With You When You Appear: entered on: 06/17/11<br>Mailed to: Bennie Raymond Coleman, Jr.<br>Address: 22 44th Street, NE., Washington, DC., 20019<br>Returned to Court on: 06/27/11<br>Reason: Attempted - Not Known |
| 06/16/2011 | Event Scheduled | Event Scheduled<br>Event: Status Hearing<br>Date: 07/29/2011 Time: 3:00 pm<br>Judge: BESHOURI, JOSEPH E Location: Hearing Room 205 |
| 06/16/2011 | Notice of Hearing Mailed Next Business Day | Notice of Hearing Mailed Next Business Day<br><br>Notice Of Hearing<br>Sent on: 06/16/2011 11:23:10.40 |
| 06/16/2011 | Event Resulted: | Event Resulted:<br>The following event: Status Hearing scheduled for 06/17/2011 at 3:00 pm has been resulted as follows:<br><br>Result: Status Hearing Continued<br>Judge: DUNCAN-PETERS, STEPHANIE Location: To Be Announced |
| 06/16/2011 | Order Sua Sponte to/for: Entered on Docket | ORDERED that the control status date set for June 17, 2011 at 3 p.m. is CONTINUED to July 29, 2011 AT 3 P.M. SO ORDERED this 16th day of June, 2011 by the Honorable Stephanie Duncan-Peters, entered on the docket, efiled, eserved and or mailed. rm |
| 05/13/2011 | Additional eFiling Document to | Proof of service to ORDER SUA SPONTE that the control status date set for May 16, 2011 at 3:00 p.m. is CONTINUED to June 17, 2011 at 3:00 p.m.. Signed by Judge Duncan-Peters 05/13/2011. Submitted 05/13/2011 17:36. cms. |
| 05/13/2011 | Order Sua Sponte to/for: Entered on Docket | ORDER SUA SPONTE that the control status date set for May 16, 2011 at 3:00 p.m. is CONTINUED to June 17, 2011 at 3:00 p.m.. Signed by Judge Duncan-Peters 05/13/2011. Submitted 05/13/2011 17:36. cms. |
| 05/13/2011 | Event Scheduled | Event Scheduled<br>Event: Status Hearing<br>Date: 06/17/2011 Time: 3:00 pm<br>Judge: DUNCAN-PETERS, STEPHANIE Location: To Be Announced |
| 05/13/2011 | Event Resulted: | Event Resulted:<br>The following event: Status Hearing scheduled for 05/16/2011 at 3:00 pm has been resulted as follows:<br><br>Result: Status Hearing Continued<br>Judge: DUNCAN-PETERS, STEPHANIE Location: To Be Announced |

| Docket Date | Description | Messages |
|---|---|---|
| 05/13/2011 | Order Sua Sponte to/for: Entered on Docket | Order Sua Sponte to/for: Order continuing control status date signed by Judge Duncan-Peters on May 13, 2011. Entered on Docket, efiled, eserved, and copy by interoffice mail on May 13, 2011. |
| 05/02/2011 | Additional eFiling Document to | Proof of Service to Order Sua Sponte to/for: Order Setting Control Status Date for May 16, 2011 Entered on Docket Filed. Signed by Judge S. Duncan-Peters on 5/2/2011. submitted 05/02/2011 10:00. atm |
| 05/02/2011 | Order Sua Sponte to/for: Entered on Docket | Order Sua Sponte to/for: Order Setting Control Status Date for May 16, 2011 Entered on Docket Filed. Signed by Judge S. Duncan-Peters on 5/2/2011. submitted 05/02/2011 10:00. atm |
| 05/02/2011 | Event Scheduled | Event Scheduled<br>Event: Status Hearing<br>Date: 05/16/2011 Time: 3:00 pm<br>Judge: DUNCAN-PETERS, STEPHANIE Location: To Be Announced |
| 05/02/2011 | Event Resulted: | Event Resulted:<br>The following event: Status Hearing scheduled for 04/21/2011 at 2:30 pm has been resulted as follows:<br><br>Result: Status Hearing Continued<br>Judge: DUNCAN-PETERS, STEPHANIE Location: To Be Announced |
| 05/02/2011 | Order Sua Sponte to/for: Entered on Docket | ORDERED that the control status date set for April 21, 2011 at 2:30 p.m. is CONTINUED to May 16, 2011 at 3:00 p.m. Entered on Docket 5/2/11. Signed by Judge Duncan-Peters 5/2/11. E-filed and E-served 5/2/11. lm |
| 04/04/2011 | Event Scheduled | Event Scheduled<br>Event: Status Hearing<br>Date: 04/21/2011 Time: 2:30 pm<br>Judge: DUNCAN-PETERS, STEPHANIE Location: To Be Announced |
| 04/04/2011 | Notice of Hearing Mailed Next Business Day | Notice of Hearing Mailed Next Business Day<br><br>Notice Of Hearing<br>Sent on: 04/04/2011 11:13:32 |
| 04/04/2011 | Event Resulted: | Event Resulted:<br>The following event: Status Hearing scheduled for 04/01/2011 at 2:30 pm has been resulted as follows:<br><br>Result: Status Hearing Continued to 4/21/11 @ 2:30 PM<br>Judge: DUNCAN-PETERS, STEPHANIE Location: To Be Announced |
| 04/01/2011 | Order Sua Sponte to/for: Entered on Docket | ORDERED that the control status date set for April 1, 2011 at 2:30 p.m. is CONTINUED to April 21, 2011 at 2:30 p.m. SO ORDERED this 1st day of April, 2011 bu Judge Stephanie Duncan-Peters, entered on the docket, efiled, eserved and or mailed. rm |
| 03/21/2011 | Event Scheduled | Event Scheduled<br>Event: Status Hearing<br>Date: 04/01/2011 Time: 2:30 pm<br>Judge: BESHOURI, JOSEPH E Location: Hearing Room 205 |
| 03/21/2011 | Notice of Hearing Mailed Next Business Day | Notice of Hearing Mailed Next Business Day<br><br>Notice Of Hearing<br>Sent on: 03/21/2011 15:58:41 |
| 03/21/2011 | Event Resulted: | Event Resulted:<br>The following event: Status Hearing scheduled for 03/22/2011 at 2:30 pm has been resulted as follows:<br><br>Result: Status Hearing Continued<br>Judge: DUNCAN-PETERS, STEPHANIE Location: To Be Announced |
| 03/21/2011 | Order Sua Sponte to/for: Entered on Docket | ORDERED that the control status date set for March 22, 2011 at 2:30 p.m. is CONTINUED to April 1, 2011 at 2:30 p.m. SO ORDERED this 21st day of March 2011 by the Honorable Stephanie Duncan-Peters, entered on the docket, efiled, eserved and or mailed. rm |
| 03/08/2011 | Event Scheduled | Event Scheduled<br>Event: Status Hearing<br>Date: 03/22/2011 Time: 2:30 pm<br>Judge: DUNCAN-PETERS, STEPHANIE Location: To Be Announced |
| 03/08/2011 | Notice of Hearing Mailed Next Business Day | Notice of Hearing Mailed Next Business Day<br><br>Notice Of Hearing<br>Sent on: 03/08/2011 16:04:27 |
| 03/08/2011 | Matter Under Advisement by Judge S. Duncan-Peters | Matter Under Advisement by Judge S. Duncan-Peters |
| 03/08/2011 | Event Resulted: | Event Resulted:<br>The following event: Motion Hearing scheduled for 03/08/2011 at 2:00 pm has been resulted as follows:<br><br>Result: Motion Hearing Held. CourtSmart(516). OCR-Susan Walker. Case called. All parties present. The court heard arguments from both sides. The post judgment issue is taken under advisement. Control date set for 3/22/11 @ 2:30 PM. td/jdp<br>Judge: DUNCAN-PETERS, STEPHANIE Location: To Be Announced<br>KAREN M AUTHEMENT (Attorney) on behalf of EMBASSY TAX SERVICES, LLC (PLAINTIFF)<br>Participant(s): Judge STEPHANIE DUNCAN-PETERS on behalf of Judge JOSEPH E BESHOURI |
| 02/22/2011 | Supplemental Memorandum of Law | Brief Amicus Curiae of the Legal Aid Society of The District of Columbia Filed. Submitted 02/22/2011 14:52. ts. Attorney: BECKER, Ms JULIE H (471080) |
| 01/26/2011 | Additional eFiling Document to | Proof of Service to Order Appointing the Legal Aid Society of the District of Columbia as Amicus Curiae submitted 01/26/2011 13:38. ajm. Signed by Judge Duncan-Peters on January 25, 2011. |
| 01/26/2011 | Order Filed | Order Appointing the Legal Aid Society of the District of Columbia as Amicus Curiae submitted 01/26/2011 13:38. ajm. Signed by Judge Duncan-Peters on January 25, 2011. |
| 01/26/2011 | Event Scheduled | Event Scheduled<br>Event: Motion Hearing<br>Date: 03/08/2011 Time: 2:00 pm<br>Judge: DUNCAN-PETERS, STEPHANIE Location: To Be Announced |
| 01/26/2011 | Notice of Hearing Mailed Next Business Day | Notice of Hearing Mailed Next Business Day<br><br>Notice Of Hearing<br>Sent on: 01/26/2011 12:35:54 |
| 01/26/2011 | Order Sua Sponte to/for: Entered on Docket | ORDERED that the Legal Aid society may file a written brief addressing the issues highlighted in this Order on or before February 18, 2011. It is FURTHER ORDERED that any party wishing to do so may file a response to the Legal Aid Society's brief within (10 days of the Legal Aid society's brief being filed. It is FURTHER ORDERED that this matter is set for a motion hearing before the undersigned judge on March 8, 2011 at 2:00 p.m. The parties may |

| Docket Date | Description | Messages |
|---|---|---|
| | | contact chambers (202)879-1882) on or before the hearing for the courtroom location, which will also be listed on the electronic board in the main lobby of the Moultrie Courthouse on the day of the hearing. SO ORDERED this 26th day of January, 2011 by the Honorable Stephanie Duncan-Peters, Civil Presiding Judge, entered on the docket, efiled, eserved and or mailed. rm |
| 12/16/2010 | Motion Filed: | Plaintiff's Petition for Writ of Possession Pursuant to D. C. Code 47-1383 Filed. submitted 12/16/2010 10:22. atm Attorney: AUTHEMENT, KAREN M (496294) EMBASSY TAX SERVICES, LLC (PLAINTIFF): Receipt: 183106 Date: 12/17/2010 |
| 06/16/2010 | Order Granting Motion for Default Judgment Entered on the Docket | Order Granting Motion for Default Judgment Entered on the Docket 6/16/10. Esigned in chambers 6/11/10 by MJ Beshouri, eserved & efiled 6/16/10, mailed 6/17/10. crn |
| 06/16/2010 | Judgment by Court Entered on Docket | Judgment by Court Entered on Docket 6/16/10. Esigned in chambers 6/11/10 by MJ Beshouri, eserved & efiled 6/16/10, mailed 6/17/10. crn |
| 06/15/2010 | Additional eFiling Document to | Proof of Service to Order Granting Plaintiff's Motion for Default Judgment and Judgment on the Pleadings Signed by Magistrate Judge Beshouri on 06/11/2010. Submitted 06/15/2010 13:34 jhc. |
| 06/15/2010 | Order Filed | Order Granting Plaintiff's Motion for Default Judgment and Judgment on the Pleadings Signed by Magistrate Judge Beshouri on 06/11/2010. Submitted 06/15/2010 13:34 jhc. |
| 06/15/2010 | Additional eFiling Document to | Proof of Service to Order Sua Sponte for Judgment Entered on Docket. Signed by Judge J. Beshouri on 6/11/2010. Submitted 06/15/2010 13:36. atm |
| 06/15/2010 | Order Sua Sponte to/for: Entered on Docket | Order Sua Sponte for Judgment Entered on Docket. Signed by Judge J. Beshouri on 6/11/2010. Submitted 06/15/2010 13:36. atm |
| 05/05/2010 | Event Scheduled | Event Scheduled<br>Event: Status Hearing<br>Date: 07/07/2010 Time: 10:00 am<br>Judge: BESHOURI, JOSEPH E Location: Hearing Room 205 |
| 05/05/2010 | Notice of Hearing Mailed Next Business Day | Notice of Hearing Mailed Next Business Day<br><br>Notice Of Hearing<br>Sent on: 05/05/2010 14:07:57 |
| 05/05/2010 | Event Resulted: | Event Resulted:<br>The following event: Status Hearing scheduled for 05/05/2010 at 10:00 am has been resulted as follows:<br><br>Result: Status Hearing Held. Ctrm 200 (Courtsmart). Plaintiff present only. Court will rule on the motion. No taxes are due on property. Legal fees have not been paid. Property has not redeemed. Status hearing set for 7/7/10 at 10:00 am. JUDGE BESHOURI/tdh<br><br>Judge: BESHOURI, JOSEPH E Location: Courtroom 200<br>KAREN M AUTHEMENT (Attorney) on behalf of EMBASSY TAX SERVICES, LLC (PLAINTIFF)<br>Participant(s): Judge JOSEPH E BESHOURI |
| 05/05/2010 | Event Scheduled | Event Scheduled<br>Event: Status Hearing<br>Date: 05/05/2010 Time: 10:00 am<br>Judge: BESHOURI, JOSEPH E Location: Hearing Room 205 |
| 03/31/2010 | Motion for Default Judgment Filed | Plaintiff's Motion for Default Judgment as to Defendant, Bennie R Coleman, Jr., and Judgment on the Pleadings as to Defendant District of Columbia Filed. submitted 03/31/2010 18:44. nk Attorney: AUTHEMENT, KAREN M (496294) EMBASSY TAX SERVICES, LLC (PLAINTIFF): Receipt: 161230 Date: 04/01/2010 |
| 12/29/2009 | Returned Mail: | Order for: Status Hearing entered on: 12/10/2009<br>Mailed to: Bennie Raymond Coleman Jr. Address: 221 44th Street, NE Washington, DC 20019<br>Returned to Court on: 12/29/2009<br>Reason: Return to Sender. Does not live at address. |
| 12/10/2009 | Event Scheduled | Event Scheduled<br>Event: Status Hearing<br>Date: 05/05/2010 Time: 10:00 am<br>Judge: BESHOURI, JOSEPH E Location: Hearing Room 205 |
| 12/10/2009 | Notice of Hearing Mailed Next Business Day | Notice of Hearing Mailed Next Business Day<br><br>Notice Of Hearing<br>Sent on: 12/10/2009 08:52:37 |
| 12/09/2009 | Event Resulted: | Event Resulted:<br>The following event: Status Hearing scheduled for 12/09/2009 at 10:00 am has been resulted as follows:<br><br>Result: Status Conference Held. HR-205 (Courtsmart). Plaintiff present only. Taxes paid. Defendant made one payment towards the attorney fee payment agreement but no others have been made. Status hearing set for 5/5/10 at 10:00 am. JUDGE BESHOURI/tdh<br><br>Judge: BESHOURI, JOSEPH E Location: Hearing Room 205<br>KAREN M AUTHEMENT (Attorney) on behalf of EMBASSY TAX SERVICES, LLC (PLAINTIFF)<br>Participant(s): Judge JOSEPH E BESHOURI |
| 07/07/2009 | Returned Mail: | RETURNED NOTICE for: Status Hearing entered on: July,07,2009<br>NOTICE Mailed to: Bennie Raymond Coleman Jr.<br>NOTICE Returned to Court on: June,25,2009<br>Reason: Does Not Live Here |
| 07/07/2009 | Returned Mail: | RETURNED NOTICE for: Status Hearing entered on: July,07,2009<br>NOTICE Mailed to: 221 44th Street NE<br>NOTICE Returned to Court on: June,25,2009<br>Reason: Wrong Address |
| 06/24/2009 | Event Scheduled | Event Scheduled<br>Event: Status Hearing<br>Date: 12/09/2009 Time: 10:00 am<br>Judge: BESHOURI, JOSEPH E Location: Hearing Room 205 |
| 06/24/2009 | Notice of Hearing Mailed Next Business Day | Notice of Hearing Mailed Next Business Day<br><br>Notice Of Hearing<br>Sent on: 06/24/2009 15:52:23 |
| 06/24/2009 | Event Resulted: | Event Resulted:<br>The following event: Status Hearing scheduled for 06/24/2009 at 10:00 am has been resulted as follows:<br><br>Result: Status Conference Held. HR-205 (Courtsmart). Plaintiff and Bennie Coleman, Jr. present. Parties reached an agreement on attorney fees. Status hearing set for 12/9/09 at 10:00 am. JUDGE BESHOURI/tdh |

| Docket Date | Description | Messages |
|---|---|---|
| | | Judge: BESHOURI, JOSEPH E Location: Hearing Room 205<br>BENNIE RAYMOND COLEMAN JR. (Defendant); ; KAREN M AUTHEMENT (Attorney) on behalf of EMBASSY TAX SERVICES, LLC (PLAINTIFF): Judge JOSEPH E BESHOURI |
| 06/02/2009 | Additional eFiling Document to | Proof of Service to Order Sua Sponte to/for: Order Setting a Status Hearing. Entered on Docket. Signed by Judge J. Beshouri on 06/01/09. Submitted. 06/02/2009 09:18. ncv. |
| 06/02/2009 | Order Sua Sponte to/for: Entered on Docket | Order Sua Sponte to/for: Order Setting a Status Hearing. Entered on Docket. Signed by Judge J. Beshouri on 06/01/09. Submitted. 06/02/2009 09:18. ncv. |
| 06/02/2009 | Order Sua Sponte to/for: Entered on Docket | Order Setting Redemption Date Entered on Docket 6/2/09. Signed by Magistrate Judge Beshouri 6/1/09. Efiled, eserved and mailed 6/2/09. lm |
| 05/27/2009 | Miscellaneous Docket | Miscellaneous Docket: Letter from Bennie Coleman, III. |
| 05/27/2009 | Event Scheduled | Event Scheduled<br>Event: Status Hearing<br>Date: 06/24/2009 Time: 10:00 am<br>Judge: BESHOURI, JOSEPH E Location: Hearing Room 205 |
| 05/27/2009 | Notice of Hearing Mailed Next Business Day | Notice of Hearing Mailed Next Business Day<br><br>Notice Of Hearing<br>Sent on: 05/27/2009 14:42:35 |
| 05/27/2009 | Event Resulted: | Event Resulted:<br>The following event: Status Hearing scheduled for 05/27/2009 at 10:00 am has been resulted as follows:<br><br>Result: Status Conference Held. HR-205 (Courtsmart). Plaintiff and Resource Center present. Letter from Bennie Coleman, III given to Plaintiff and Resource Center. Taxes current. Court stays redemption date. Court accepts letter for filing. Court will issue order directing Colemans to appear. Status hearing set for 6/24/09 at 10:00 am. JUDGE BESHOURI/tdh<br><br>Judge: BESHOURI, JOSEPH E Location: Hearing Room 205<br>KAREN M AUTHEMENT (Attorney) on behalf of EMBASSY TAX SERVICES, LLC (PLAINTIFF)<br>Participant(s): Judge JOSEPH E BESHOURI |
| 04/11/2009 | Judge Caseload Transfer | Judge Caseload Transfer<br>The judge was changed from IRVING Jr, ALFRED S to BESHOURI, JOSEPH . |
| 04/11/2009 | Event Scheduled | Event Scheduled<br>Event: Status Hearing<br>Date: 05/27/2009 Time: 10:00 am<br>Judge: BESHOURI, JOSEPH E Location: Hearing Room 205 |
| 03/13/2009 | Additional eFiling Document to | Proof of Service to Order Setting Redemption Date Signed by Magistrat Judge Irving on 03/13/09. Submitted 03/13/2009 13:37 jhc. |
| 03/13/2009 | Order Sua Sponte to/for: Entered on Docket | Order Setting Redemption Date Signed by Magistrat Judge Irving on 03/13/09. Submitted 03/13/2009 13:37 jhc. |
| 03/13/2009 | Order Sua Sponte to/for: Entered on Docket | Order Setting Redemption Date for May 27, 2009 Entered on Docket 3/13/09. SIgned by Judge Irving 3/13/09. Efiled, eserved and mailed 3/13/09. lm |
| 03/12/2009 | Event Scheduled | Event Scheduled<br>Event: Status Hearing<br>Date: 05/27/2009 Time: 10:00 am<br>Judge: IRVING Jr, ALFRED S Location: Hearing Room 205 |
| 03/12/2009 | Notice of Hearing Mailed Next Business Day | Notice of Hearing Mailed Next Business Day<br><br>Notice Of Hearing<br>Sent on: 03/12/2009 08:30:11 |
| 03/11/2009 | Event Resulted: | Event Resulted:<br>The following event: Status Hearing scheduled for 03/11/2009 at 10:00 am has been resulted as follows:<br><br>Result: Status Conference Held. HR-205 (Courtsmart). Plaintiff present only. All parties served. The Court will issue and order setting a redemption date for May 27, 2009. Order to issue. Status hearing set for 5/27/09 at 10:00 am. JUDGE IRVING/tdh<br><br>Judge: IRVING Jr, ALFRED S Location: Hearing Room 205<br>KAREN M AUTHEMENT (Attorney) on behalf of EMBASSY TAX SERVICES, LLC (PLAINTIFF)<br>Participant(s): Judge ALFRED S IRVING Jr |
| 11/13/2008 | Event Scheduled | Event Scheduled<br>Event: Status Hearing<br>Date: 03/11/2009 Time: 10:00 am<br>Judge: IRVING Jr, ALFRED S Location: Hearing Room 205 |
| 11/13/2008 | Notice of Hearing Mailed Next Business Day | Notice of Hearing Mailed Next Business Day<br><br>Notice Of Hearing<br>Sent on: 11/13/2008 09:43:09 |
| 11/12/2008 | Event Resulted: | Event Resulted:<br>The following event: Status Hearing scheduled for 11/12/2008 at 10:00 am has been resulted as follows:<br><br>Result: Status Conference Held. HR-205 (Courtsmart). Plaintiff, Mr. Coleman and Resource Center present. Defendant wishes to redeem. Case stayed. Status hearing set for 3/11/09 at 10:00 am. JUDGE IRVING/tdh<br><br>Judge: IRVING Jr, ALFRED S Location: Hearing Room 205<br>BENNIE RAYMOND COLEMAN JR. (Defendant); ; KAREN M AUTHEMENT (Attorney) on behalf of EMBASSY TAX SERVICES, LLC (PLAINTIFF): Judge ALFRED S IRVING Jr |
| 11/12/2008 | Consent to Have Case Heard by Magistrate Judge Filed | Consent to Have Case Heard by Magistrate Judge Filed.<br>BENNIE RAYMOND COLEMAN JR. (Defendant); |
| 10/06/2008 | Miscellaneous Docket | Miscellaneous Docket Letter dated 9/24/08 from Bennie Coleman, III (son) and Sabrina Whittle (Daughter in Law) Entered on Docket 10/6/08. Faxed to Counsel for Plaintiff 10/6/08. lm |
| 10/02/2008 | Event Scheduled | Event Scheduled<br>Event: Status Hearing<br>Date: 11/12/2008 Time: 10:00 am<br>Judge: IRVING Jr, ALFRED S Location: Hearing Room 205 |

| Docket Date | Description | Messages |
|---|---|---|
| | | Result: Status Conference Held |
| 10/02/2008 | Notice of Hearing Mailed Next Business Day | Notice of Hearing Mailed Next Business Day

Notice Of Hearing
Sent on: 10/02/2008 13:30:20 |
| 10/01/2008 | Event Resulted: | Event Resulted:
The following event: Initial Scheduling Conference-180 scheduled for 10/01/2008 at 10:00 am has been resulted as follows:

Result: Scheduling Conference Hearing Held (Courtsmart) Pltf present only for hearing. Pltf is attempting to obtain service by process server. Case set for further status on 11/12/08 @ 10:00 am in Hrg Rm #205 before Judge Irving. JUDGE IRVING DL
Judge: IRVING Jr, ALFRED S Location: Hearing Room 205 |
| 09/18/2008 | Additional eFiling Document to | Proof of Service to Order Granting Motion to Extend Time for Service Signed by Judge Irving, Jr. on September 11, 2008. Submitted 09/18/2008 11:09. sams. |
| 09/18/2008 | Order Filed | Order Granting Motion to Extend Time for Service Signed by Judge Irving, Jr. on September 11, 2008. Submitted 09/18/2008 11:09. sams. |
| 08/22/2008 | Motion to Extend Filed | Motion to Extend Time for Service. Filed. Submitted. 08/22/2008 11:34. ars.
Attorney: AMATO, Mr RICHARD (021618) Receipt: 113055 Date: 08/25/2008 |
| 08/21/2008 | Proof of Publication Filed | Proof of Publication Filed
Attorney: AUTHEMENT, KAREN M (496294)
EMBASSY TAX SERVICES, LLC (PLAINTIFF): |
| 07/29/2008 | Answer to Complaint Filed | Answer of The District of Columbia Filed. Submitted 07/29/2008 17:01 jhc.
Attorney: WILSON Sr, Mr R M (364084)
Attorney: AMATO, Mr RICHARD (021618)
DISTRICT OF COLUMBIA (Defendant): |
| 07/09/2008 | Proof of Service | Proof of Service
Method : Service Issued
Issued : 03/12/2008
Service : Summons Issued
Served : 05/22/2008
Return : 07/09/2008
On : DISTRICT OF COLUMBIA
Signed By : Tabatha Braxton

Reason : Proof of Service
Comment :

Tracking #: 5000044361 |
| 07/09/2008 | Affidavit of Service of Summons & Complaint on | Affidavit of Service of Summons & Complaint on
DISTRICT OF COLUMBIA (Defendant): |
| 07/09/2008 | Proof of Service | Proof of Service
Method : Service Issued
Issued : 03/12/2008
Service : Summons Issued
Served : 05/22/2008
Return : 07/09/2008
On : DISTRICT OF COLUMBIA
Signed By : Darlene Fields

Reason : Proof of Service
Comment :

Tracking #: 5000044360 |
| 07/09/2008 | Affidavit of Service of Summons & Complaint on | Affidavit of Service of Summons & Complaint on
DISTRICT OF COLUMBIA (Defendant): |
| 07/07/2008 | Affidavit of Posting Filed: | Affidavit of Posting Filed on LOT 0013 SQUARE 5136 (Square/Lot): at 221 44th Street, NE., Washington, DC., on 05/11/08 |
| 06/13/2008 | Proof of Service | Proof of Service
Method : Service Issued
Issued : 03/12/2008
Service : Summons Issued
Served : 05/24/2008
Return : 06/13/2008
On : COLEMAN JR., BENNIE RAYMOND
Signed By :

Reason : Proof of Service
Comment :

Tracking #: 5000044359 |
| 06/13/2008 | Affidavit of Service of Summons & Complaint on | Affidavit of Service of Summons & Complaint by certified mail on
BENNIE RAYMOND COLEMAN JR. (Defendant): |
| 03/12/2008 | Service Issued | Issue Date: 03/12/2008
Service: Summons Issued
Method: Service Issued
Cost Per: $


COLEMAN JR., BENNIE RAYMOND
221 44TH STREET NE
WASHINGTON, DC 20019
Tracking No: 5000044359


DISTRICT OF COLUMBIA
441 4TH STREET NW |

| Docket Date | Description | Messages |
|---|---|---|
| | | 11TH FL<br>WASHINGTON, DC 20001<br>Tracking No: 5000044360<br><br>DISTRICT OF COLUMBIA<br>441 4TH STREET NW<br>6TH FL<br>WASHINGTON, DC 20001<br>Tracking No: 5000044361 |
| 02/28/2008 | Order of Publication Entered on the Docket | Ordered by the Superior Court of the District of Columbia, that notice be given by the insertion of a copy of this order in The Legal Times, having a general circulation in the District of Columbia, once a week for 3 successive weeks, notifying all persons interested in the real property described to appear in the court by the 1st day of October, 2008, and redeem the real property by payment of $317.35, together with interest from the date the real property tax certificate was purchased, court costs and attorney's fees: expenses incurred in the publication and service of process by publication and for reasonable fees for the title search; all other amounts paid by the petitioner in accordance with the provision of DC Code 47-1361 and all outstanding municipal lien amounts due and owing on the aforementioned real property or answer the complaint or, thereafter, a final judgment will be entered foreclosing the right of redemption in the real property and vesting in the plaintiff a title in fee simple. |
| 02/28/2008 | Event Scheduled | Event Scheduled<br>Event: Initial Scheduling Conference-180<br>Date: 10/01/2008 Time: 10:00 am<br>Judge: IRVING Jr, ALFRED S Location: Hearing Room 205<br><br>Result: Scheduling Conference Hearing Held |
| 02/28/2008 | Complaint for Tax Lien (Consent Granted) Filed | Complaint for Tax Lien (Consent Granted) Filed Receipt: 98103 Date: 03/11/2008 |
| 02/25/2008 | Complaint for Tax Lien Spreadsheet Received Only | Complaint for Tax Lien Spreadsheet Received Only |

| Receipt # | Date | From | Payments | | Fee | | Amount Paid |
|---|---|---|---|---|---|---|---|
| 183106 | 12/17/2010 | AUTHEMENT, KAREN M | Recdec | $20.00 | Cost | $20.00 | $20.00 |
| 161230 | 04/01/2010 | AUTHEMENT, KAREN M | Receipt Depositor | $20.00 | Cost | $20.00 | $20.00 |
| 113055 | 08/25/2008 | AUTHEMENT, KAREN M | Receipt Depositor | $20.00 | Cost | $20.00 | $20.00 |
| 98103 | 03/11/2008 | HEIDI s. kENNY LLC | Check | $130.00 | Cost | $130.00 | $130.00 |

# Exhibit B

Filed
D.C. Superior Court
09 Sep 16 A10:53
Clerk of Court

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

CAPITOL TAX SERVICES,              )
                                   )        CASE NO. 2007 CA 1291 L(RP)
                                   )
        Plaintiff,                 )
                                   )        CALENDAR 18
        v.                         )
                                   )
WINONA K. BLACKBURN, et al.,       )        Judge Alfred S. Irving, Jr.
                                   )
                                   )
        Defendant.                 )

## O R D E R

This matter is before the Court upon Plaintiff's Motion to Reconsider Order Reopening case, filed June 9, 2009. Plaintiff requests that the Court reconsider its May 26, 2009 order. For the reasons stated herein, as well as for the reasons set forth in the Court's May 26, 2009 Order, the Court must deny Plaintiff's motion.

Plaintiff argues that this Court should reconsider its ruling because: 1) A Default Judgment Entered Against An Incompetent Person Is Voidable But Not Void; 2) The District of Columbia Council Did Intend By Section 47-1349 To Preclude Motions to Vacate Foreclosure Judgments Except on the Grounds of Lack of Jurisdiction or Fraud; and 3) Section 47-1349 Does Not Affect the Court's Title 11 Jurisdiction. Plaintiff also filed for the Court's consideration a brief filed by the District of Columbia in Shoeton v. Link, Case No. 05-5565 L(RP), wherein the District of Columbia takes issue with the Court's decision in this case. The Court has considered that filing, as well, and is not persuaded that its decision is incorrect. Notwithstanding the District of Columbia's and Capitol Tax Services' position that Ms. Blackburn loses her home even if she lacked the mental capacity to participate in a case seeking to foreclose her right of redemption, the

Court does not find that such result was the intent of the District of Columbia Council,

and such result does not seem to be the law of this jurisdiction.  Indeed, if it is shown that

Ms. Blackburn lacked the mental capacity to participate in the case affecting her property

rights, sound public policy and justice, as well, requires vacatur of the default judgment.

I.      **The Court Can Vacate a Default Judgment Entered Against An Incompetent Person Pursuant to Super. Ct. Civ. R. 60(b).**

Plaintiff argues that the Court should reconsider its Order because a default

judgment entered against an incompetent is voidable but not void.  This is a distinction

without a difference, as is evident by the caselaw that Plaintiff cites.  See Southern Idaho

Production Credit Assoc. v. Ruiz, 666 P.2d 1151 (Id. 1983); Home Life Ins. Co. v.

Cohen, 270 N.W. 256 (Mich. 1936); Hodges v. Phoenix Mut. Life Ins. Co., 233 P.2d 501

(Kan. 1951); Day v. Avery, 548 F.2d 1018 (D.C. Cir. 1976); Hudnall v. Sellner, 800 F.2d

377 (4th Cir. 1986).  Plaintiff can cite to no caselaw in this jurisdiction and very little

caselaw that is not decades old in support of its position.  As the Court explained in its

May 26, 2009 Order, the legislative history of the Tax Sale Clarity Act of 2000 made

abundantly clear that the goal of the legislation was to update the law consistent with then

recent developments in the area of due process.  Thus, the Court doubts that cases

decided in Michigan in 1936 have much relevance, here.  Indeed, the cases Plaintiff cites

merely support the claim that the entry of default judgment against an incompetent is not

void as a jurisdictional issue.  See Day v. Avery, 548 F.2d 1018 (D.C. Cir. 1976).

To argue that, because the default judgment is voidable, and not void as a

jurisdictional issue, it falls outside of the purview of Super. Ct. Civ. R. 60(b) defies

common sense.  Indeed, confronted with this very issue a federal district court reasoned

as follows:

> Nothing in Rule 55(b)(2) requires determining whether a party is 'incompetent' before entering a default judgment simply because evidence of incompetence is before the Court. **If the Court enters a default judgment, and it later turns out the defendant was incompetent, Rule 55(c) contemplates a Rule 60(b) motion to set the judgment aside.** Specifically, if the State deems it necessary to protect the assets of the defendant, or if someone (*e.g.* one whose interests coincide with the defendant, or a 'next friend,' etc.) wishes to challenge the judgment, the challenging party can bring a Rule 60(b)(4) motion for relief because 'the judgment is void' (the success of the motion will turn on whether the default judgment was entered against an 'incompetent' in violation of Rule 55(b)(2), thus the question of competence will be squarely before the court).

Blackwell v. Capital One Bank, 2007 U.S. Dist. LEXIS 43102, 3 (S.D. Ga. 2008).

Defendant's Rule 60(b) motion is properly before the Court, and the default judgment is currently voidable. If the Court determines that Defendant Blackburn was incompetent during the prosecution of the case to foreclose her right to redeem her property resulting in the default judgment, the judgment will be void and the Court is required to vacate the judgment.

## II. The District of Columbia Council Did Not Intend By Section 47-1349 To Preclude Motions to Vacate Foreclosure Judgments Except on the Grounds of Lack of Jurisdiction or Fraud.

Plaintiff disagrees with the Court's reasoning regarding the District of Columbia Council's intent in drafting Section 47-1439. The Court has already explained its reasoning in this respect and will not reiterate it, here. The Court simply notes that the Council adopted statutory language from a Maryland statute which uses language specific to Maryland's civil procedure. Neither the statutory language, nor the legislative history indicates any intention on the part of the Council to interfere with this Court's long standing rules of civil procedure.

**III.     Section 47-1349 Does Intrude Upon the Court's Title 11 Jurisdiction.**

Plaintiff argues against this Court's decision by stating that it can find no Court of Appeals decision considering a similar issue.  Plaintiff states that it "knows of no case in which the Court of Appeals has considered whether a statute impermissibly contracts the Superior Court's jurisdiction.  And the only case that Capitol Tax has found in which a court has resolved a conflict between a District of Columbia Superior Court rule of procedure and a statute by reference to the Home Rule Act is *Flemming*, 546 A.2d 1001, in which the Court of Appeals struck a rule of criminal procedure as inconsistent with a statute."

The Court is not surprised that the Court of Appeals has not ruled on this issue as contracting the Superior Court's jurisdiction would be *ultra vires* and it would be quite unusual for the Council to attempt to do so.  It appears most likely that the Council only did so in this case because it did not look carefully at the language imported from the Maryland statute.

Plaintiff also seemingly misapprehends the nature and intent of Super. Ct. Civ. R. 60(b).  Plaintiff notes that it "has found no District of Columbia case in which Rule 60 was deemed to be 'jurisdictional' for the purpose of determining the jurisdiction of the courts as presently vested."  Even if the judgment in this case were not void, the Court has the power to entertain a motion for vacatur pursuant to Rule 60(b)(6).  Rule 60(b)(6) authorizes the Court to vacate a judgment for "any other reason justifying relief from the operation of the judgment."  Rule 60(b) also provides "that the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these Rules or by an independent action."  And, the Court of Appeals has concluded, as follows:

> Finally, Rule 60(b) preserves as a last resort the possibility that a court
> may 'entertain an independent action to relieve a party from a judgment.'
> This proviso refers to an independent action in equity. Strictly speaking,
> such an action is not limited to cases involving true fraud upon the court,
> but may be maintained to redress other especially egregious wrongdoing.
> *See* 12 MOORE'S FEDERAL PRACTICE § 60.81[1][b][v]. But the
> prerequisites to relief by way of an independent equitable action are strict,
> and Olivarius does not meet them.

Olivarius v. Stanley J. Sarnoff Endowment for Cardiovascular Sci., Inc., 858 A.2d 457,

466 (D.C. 2004).  Rule 60(b) clearly implicates both this Court's legal and equitable

powers.  D.C. Code § 11-921 (a) provides, in pertinent part, as follows: "Except as

provided in subsection (b), the Superior Court has jurisdiction of any civil action or other

matter (at law or in equity) brought in the District of Columbia."  Accordingly, if the

Council intended to restrict this Court's equitable powers under Rule 60(b) with its

enactment of Section 47-1379, the enactment was an impermissible restriction of this

Court's jurisdiction as set forth in Title 11.  The Court, however, does not believe that

that was the intent of the Council.

Accordingly, it is this 16th day of September, hereby

**ORDERED** that Plaintiff's Motion for Reconsideration is DENIED.

*Alfred S. Irving, Jr.*

———————————————

Alfred S. Irving, Jr.
Associate Judge
(SIGNED IN CHAMBERS)

Copy by e-filing for Courts to:

Caroline Petro Gately, Esq.
*Counsel for Plaintiff*

Donald Dinan, Esq.

*Counsel for Defendant*

# Exhibit C

/q/

# Quit Claim Deed


LT1-5-2010032981-1


LT2-0-0-2

**This Deed**, made this the 13th day of April, 2010, by and between **Capitol Tax Services, LLC, a limited liability company organized and existing under the laws of the State of Maryland,** party of the first part, and **Sylvia B. Richins, formerly known as Sylvia Blackburn Farrell in her capacity as Conservator for the Estate of Winona K. Blackburn, appointed in Case No. 2008 INT 000160 filed in the Superior Court of the District of Columbia, Probate Division,** party of the second part.

**Witnesseth**, that in consideration of the sum of **Two Hundred Thousand and no/100 Dollars ($200,000.00)**, pursuant to a settlement agreement dated December 4, 2009, the party of the first part does release and quit claim unto the party of the second part, all that piece or parcel of land, together with the improvements, rights, privileges and appurtenances to the same belonging, situate in the District of Columbia being more fully described as follows, to wit:

Lot numbered One Hundred Thirteen (113), in Square numbered Nineteen Hundred Fifty-seven (1957), in a subdivision made by Paul P. Blackburn and Winona K. Blackburn, as per plat recorded in the Office of the Surveyor of the District of Columbia in Liber 165 at folio 35.

**Together** with all singular the ways, easements, rights, privileges, and appurtenances to the same belonging or in anywise appertaining, and all the estate, right, title, interest and claim, either at law or in equity, or otherwise however, of the said party(ies) of the first part, of, in, to, or out of the said land and premises.

**In Testimony Whereof**, **Capitol Tax Services, LLC**, has caused these presents to be signed by **Richard Berman**, its **Managing Member**, and that he acknowledges and deliver these presents as its act and deed. .

IN PRESENCE OF:

Capitol Tax Services, LLC

By: Richard Berman, Managing Member

**State Of Maryland**

**Baltimore County, To Wit:**

I, _JEROME L. GRABER_, a Notary Public in and for the aforesaid jurisdiction do hereby certify that Richard Berman, Managing Member, of Capitol Tax Services, LLC, who is personally well known to me as the person named in the foregoing instrument bearing date of the _14th_ day of April, 2010, personally appeared before me in the said jurisdiction and acknowledged said instrument to be his acting Deed, and that he executed said instrument for the purposes therein contained.

GIVEN under my hand and seal this _14th_ day of April, 2010.

Notary Public

My Commission Expires: _7/1/13_

JEROME L GRABER
NOTARY PUBLIC
BALTIMORE COUNTY
MARYLAND

```
Doc# 2010032981 Fees:$26812.06
04/19/2010  10:35AM Pages 2
Filed & Recorded in Official Records of
WASH DC RECORDER OF DEEDS LARRY TODD
```

**AFTER RECORDING RETURN TO:** Sylvia B. Richins

~~Sylvia B. Richins, Conservator of the Estate of Sylvia D. Richins~~

8961 Alpen Way
Cottonwood Heights, UT 84121

File No.  12147

| | | |
|---|---|---|
| RECORDING | $ | 20.00 |
| SURCHARGE | $ | 6.50 |
| RECORDATION TAX FEE | $ | 13,392.78 |
| TRANSFER TAX FEE | $ | 13,392.78 |

# Exhibit D

Doc# 2011112519

AFTER RECORDING MAIL TO:
Stewart Title Group, LLC
11 Dupont Circle
Suite 750
Washington D.C. 20036

File No. DC-7936-11
DEED-SHORT FORM D.C.

*THIS DEED*, made this 27th day of October, 2011, by and between **Embassy Tax Services, LLC,** party(ies) of the first part, and **Donald Baisey Jr.,** party(ies) of the second part.

*WITNESSETH,* that in consideration of the sum of **$70,875.00** the party(ies) of the first part do hereby grant unto the party(ies) of the second part, in fee simple, as **SOLE OWNER**, all that piece or parcel of land, together with the improvements, rights, privileges and appurtenances to the same belonging, situate in the District of Columbia which has a Lot No. **0013** in Square **5136**, described as follows, to wit:

> Lot numbered Thirteen (13) in Square numbered Five Thousand One Hundred Thirty-six (5136) in the subdivision made by The Real Estate Mortgage Company, Incorporated, of a tract of land now known as "Roland Park", as per plat recorded in the Office of the Surveyor for the District of Columbia in Liber 49 at folio 17.

Which has a mailing address of:        221 44th Street NE
                                       Washington DC 20019

Title Insurer: Stewart Title Guaranty Company

WITNESS the hands and seals the day and year first hereinbefore written.

IN PRESENCE OF:

_[signature]_
_____

Embassy Tax Services, LLC

By: _[signature]_ _____

Names: Richard Berman

Its: Managing Member


State _MARYLAND_____ County _BALTIMORE_____, ss:

**I,** a Notary Public, in and for the jurisdiction aforesaid, do hereby certify that Embassy Tax Services, LLC, who is/are known to me as the grantors in, and the persons who executed the aforegoing and annexed deed, bearing the date of _OCTOBER 27_____, 2011, personally appeared before me in the said District and acknowledged the said deed to be his/her act and deed.

**Given** under my hand and seal this _27th_ day of _OCTOBER_____, 2011.

_[signature]_ _____

Notary Public

My Commission Expires: _7-11-13_

File No. DC-7936-11

JEROME L. GRABER
NOTARY PUBLIC
BALTIMORE COUNTY
MARYLAND

```
Doc# 2011112519
Filed & Recorded
11/08/2011   11:08:48 AM
LARRY TODD
RECORDER OF DEEDS
WASH DC RECORDER OF DEEDS
  E-RECORD                   $        20.00
  E-RECORDATION TAX FEE      $       779.63
  E-TRANSFER TAX FEE         $       779.63
  ESURCHARGE                 $         6.50
Total:                       $     1,585.75
```